UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:10-CR-183 CEJ |
| ) | |
| RICHARD H. KOPF, ) | |
| ) | |
| Defendant. ) | |

# ORDER

Pursuant to 28 U.S.C. § 636(b), the Court referred all pretrial matters in this case to United States Magistrate Judge Mary Ann L. Medler, for determination and recommended disposition, where appropriate. On May 27, 2010, Judge Medler issued a Report and Recommendation with respect to the motions filed by defendant Richard H. Kopf to suppress statements and to suppress evidence. On June 19, 2010, the defendant filed objections to the magistrate judge's recommendation that his motion to suppress statements be denied.

Pursuant to 28 U.S.C. § 636(b)(1), the Court has reviewed *de novo* the findings and conclusions of the magistrate judge to which objection is made. Having done so, the Court concludes that the factual findings made by Judge Medler are supported by the evidence and that her legal conclusions are correct.

The defendant's sole objection is to the magistrate judge's conclusion that the Miranda warnings were not required because he was not in custody at the time he made statements to the police. See Miranda v. Arizona, 384 U.S. 436 (1966). The defendant argues that the evidence establishes that he was in custody and that his statements were made in response to police interrogation. There is no dispute that the police did not give the Miranda warnings to the defendant before questioning him about pseudoephedrine purchases . However, the warnings are required to be given only when an individual is both in custody and interrogated. Id. at 467-471.

The evidence here establishes that the defendant was questioned at a residence he occupied with his girlfriend. The police asked for permission to search the residence, and told the defendant that he could refuse to give his consent. The defendant was not handcuffed or physically restrained in any way. He was not told that he could not leave or that he was under arrest. The defendant was cooperative and responsive to the questions that were asked. There is no evidence that the defendant was deprived of his "freedom of action in any significant way." Id. at 444. Given the totality of circumstances, the Court finds that no reasonable person in the defendant's position would believe that he was not free to leave. See Berkemer v. McCarty, 468 U.S. 420, 442 (1984).

For the reasons discussed above, the Court concludes that there is no factual or legal basis for suppressing the defendant's statements or the evidence seized during the search of the residence he occupied.

Accordingly,

**IT IS HEREBY ORDERED** that the Report and Recommendation of United States Magistrate Judge Mary Ann L. Medler is sustained, adopted, and incorporated herein.

**IT IS FURTHER ORDERED** that the motions of defendant Richard H. Kopf to suppress statements [Doc. #134] and to suppress evidence [Doc. #136] are **denied**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 21st day of June, 2010.